UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11638-GAO

YANA S. EDQUIST,
and all others similarly situated,

v.

BIDZ.COM, INC.,
Defendants.

OPINION AND ORDER
March 8, 2011

O'TOOLE, D.J.

The plaintiff, Yana Edquist, alleges that she ordered merchandise from the website of the defendant, Bidz.com, Inc., and that the defendant failed to honor its advertised 100% money-back guarantee when the plaintiff later returned the merchandise. The plaintiff brought this action, alleging breach of contract (Count I), fraud (Count II), and a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125 (Count III). The defendant now seeks to dismiss the Lanham Act count for failure to state a claim under Rule 12(b)(6) and to then dismiss the state law counts for want of subject matter jurisdiction.

The plaintiff argues that the Lanham Act claim provides federal jurisdiction under 28 U.S.C. § 1331 and the other two claims are properly in federal court based on supplemental jurisdiction. The plaintiff has not alleged diversity jurisdiction under 28 U.S.C. § 1332 in her original complaint or amended complaint.

The issue here boils down to whether the plaintiff, as an end-user consumer, can bring a claim under Section 43(a) of the Lanham Act. Section 43(a) provides in relevant part that:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action <u>by any person who believes that he or she is or is likely to be damaged</u> by such act.

15U.S.C. §1125 (emphasis added). Read literally, this language would allow "any person," including a consumer, to bring suit under the Lanham Act. However, courts interpret narrowly this apparently broad language. See <u>Phoenix of Broward, Inc. v. McDonald's Corp.</u>, 489 F.3d 1156, 1162-69 (11th Cir. 2007) (discussing courts' narrow interpretations). Courts provide several reasons for their narrow interpretations. See <u>Phoenix of Broward</u>, 489 F.3d at 1162-63 (statutory language); <u>Serbin v. Ziebart Int'l Corp.</u>, 11 F.3d 1163, 1178-79 (3rd Cir. 1993) (congressional intent); <u>Colligan v. Activities Club of N.Y., Ltd.</u>, 442 F.2d 686, 693 (2d Cir. 1971) (practical concerns over "a veritable flood of claims brought in already overtaxed federal district courts" while adequate state court remedies are available). More specifically, "[c]ourts have read the Act's purpose as "exclusively to protect the interests of a purely <u>commercial</u> class against unscrupulous commercial conduct", and eliminated claims brought by consumers alleging unfair competition." <u>Famous Horse, Inc. v. 5th Ave. Photo, Inc.</u>, 624 F.3d 106, 111 (2d Cir. 2010) (emphasis in original) (internal citations and quotations omitted).

Like other courts, the First Circuit has limited standing to plaintiffs of a commercial class. Specifically, the First Circuit developed a four-part test to determine what kind of representations are covered by Section 43(a). The Court concluded that, as part of that test, a representation must be "by a speaker <u>who is a competitor of the plaintiff</u> in some line of trade or commerce." <u>Podiatrist Ass'n v. La Cruz Azul de P.R., Inc.</u>, 332 F.3d 6, 19 (1st Cir. 2003)

2

(emphasis added); see also Encompass Ins. Co. of Mass. v. Giampa, 522 F.Supp.2d 300, 311 (D. Mass. 2007) (dismissing Lanham Act claim in part because counterclaimants "have not attempted to assert that the parties compete in some line of trade or commerce"). In an earlier case, the First Circuit had stated that a plaintiff need not be a competitor of the defendant to sue under the Lanham Act. Camel Hair & Cashmere Inst. of Am. v. Associated Dry Goods Corp., 799 F.2d 6, 11-12 (1st Cir. 1986). In that case, however, the plaintiff was a trade association whose members claimed to be harmed by the alleged acts of unfair competition by the defendant. See id. Numerous courts have concluded that consumers lack standing to bring suit under Section 43(a) of the Lanham Act. See, e.g., Barrus v. Sylvania, 55 F.3d 468, 470 (9th Cir. 1995); Serbin, 11 F.3d at 1177; Colligan, 442 F.2d at 687. The plaintiff has provided no case where a court has found a consumer to have standing under Section 43(a).

In the present case, the plaintiff was simply a consumer. She does not allege that she is a competitor to the defendant or has an interest here beyond that of a consumer of the defendant's products. Her allegations are insufficient to establish standing under Section 43(a) of the Lanham Act. Her Lanham Act claim must be dismissed for lack of failure to allege a viable Lanham Act claim.

The plaintiff's remaining claims are state law claims. They are presently in this Court solely as supplemental to her Lanham Act claim under 28 U.S.C. § 1367. Without a claim raising a federal question, these remaining state law claims should also be dismissed. See 28 U.S.C. 1367(c)(3).

In her Opposition to the defendant's Motion to Dismiss, the plaintiff asserts that, apart from subject matter jurisdiction, there is also class action diversity jurisdiction here under 28 U.S.C. § 1332(d). The plaintiff has failed to allege class action diversity in either her complaint

3

or her first amended complaint. She did attach a form of motion to amend and an apparently proposed second amended complaint alleging class action diversity to her memorandum.. The motion to amend has not been properly filed and cannot be acted on until it has been. The plaintiff will have fourteen days from the issuance of this Opinion and Order to file properly her motion to amend and her second amended complaint. If she fails to file them properly within that time, this case will be terminated.

For the reasons above, the defendant's motion to dismiss (dkt. no. 11) the plaintiff's amended complaint is GRANTED, and this case will be terminated if the plaintiff fails to file properly her motion to amend and her second amended complaint within fourteen days of this Opinion and Order.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge