UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11638-GAO

YANA S. EDQUIST,
Plaintiff,

v.

BIDZ.COM, INC.,
Defendant.

OPINION AND ORDER
March 29, 2013

O'TOOLE, D.J.

This case arises out of the plaintiff's purchase and return of merchandise from the online auction site Bidz.com. The plaintiff has moved for class certification (dkt. no. 38), and Bidz.com has moved to deny class certification (dkt. no. 28).

In the Complaint, the plaintiff alleges that she was the high bidder at a number of auctions in June 2008 and was sent the merchandise that she purchased. The Bidz.com webpage that displayed the purchased merchandise contained a logo that read "100% Money Back Guarantee." When the plaintiff returned merchandise, she was not refunded the shipping cost and was also charged a restocking fee. The terms and conditions regarding Bidz.com's return policy, which included the shipping and restocking policy, were on a separate webpage that the plaintiff never saw nor was alerted to. The two count Complaint alleges breach of contract and fraud. The plaintiff's proposed class would include all customers who made a return and did not receive "100% Money Back" and all customers who wanted to make a return but did not after finding that they would not get "100% Money Back." The class period is said to be "from September 30,

2003 through the time of removal of the '100% Money-Back Guarantee' from [the] website." (Pl.'s Mot. to Certify Class (dkt. no. 38).)

A plaintiff who seeks to certify a class action has the burden of demonstrating that the four prerequisites enumerated in Federal Rule of Civil Procedure 23(a), plus one of the provisions of Federal Rule of Civil Procedure 23(b), are satisfied. Smilow v. Southwestern Bell Mobile Sys., Inc., 323 F.3d 32, 38 (1st Cir. 2003) (citing Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 614, (1997)). Rule 23(a) requires that:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Once Rule 23(a)'s conditions are met, a plaintiff seeking class certification must meet one of the three conditions set forth in Rule 23(b). Class certification under Rule 23 is not just a mere pleading standard. Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551 (2011). "A party seeking class certification must affirmatively demonstrate his compliance with the Rule – that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." Id. "Where individualized fact-finding is required to identify class members, the class fails to satisfy one of the basic requirements for a class action under Rule 23." In re TJX Companies Retail Sec. Breach Litig., 246 F.R.D. 389, 393 (D. Mass. 2007) (internal quotations omitted).

The Complaint sets forth claims for breach of contract and for fraud. The parties more or less agree that a person such as the plaintiff who accepts the terms offered by the defendant on its website by participating in an online auction governed by those terms has entered into a contractual relationship with the defendant. The plaintiff characterizes it as a "contract of adhesion," while the defendant characterizes it as a "unilateral contract." The difference is

2

immaterial to the present issue. The plaintiff alleges that she accepted the unqualified offer of a "100% Money Back Guarantee," and that her contract did not include qualifying terms published elsewhere in the website that excluded shipping costs and imposed a restocking fee. It is doubtful as a matter of contract law that she could accept some terms of an offer but not others, but that is a matter for another day. The problem for class certification is that the first part of her described class, customers who made a return and did not get literally "100%" back (because of shipping and restocking costs), would also include customers who, unlike her, had in fact followed the links and read the qualifications published on other pages of the website. Those customers, by participating after reading all the offer terms, presumably assented to the terms and have no complaint. There may be others who read (and agreed to) the restocking provision but not the shipping cost provision, or vice versa. The plaintiff's claims are neither in common with nor typical of any claims that such other potential class members might have.

The matter is worse with respect to the other part of the proposed class – those who, having discovered that "100%" was actually something less than 85%, did nothing. Perhaps these customers gave retroactive assent to the limitations, having latterly learned of them. Perhaps they threw up their hands in frustration and thought the fight not worth the candle. In either case, the plaintiff's claim is not like theirs.

The matter is even clearer as to the fraud count, because a necessary element of fraud is detrimental reliance. As with the contract claim, that would require similar inquiry into which parts of the website a given customer had seen and understood. The plaintiff's claim might be similar to those who, like her, only saw the unqualified "100% Money Back Guarantee" language and nothing more, but it is not similar to those who read further. Again, individualized fact-finding, class member by class member, would be necessary, and that fact implies an

absence of commonality and typicality. The plaintiff's suggestion that proof of individual deception and reliance could be dispensed with by treating the claim as one for "fraud on the market" does not help her, because that theory presumes that the market knows of and has processed publicly available information. See Basic Inc. v. Levinson, 485 U.S. 224, 246-47 (1988). If that is presumed here, it would have to be concluded that the market knew of the shipping cost and restocking fee qualifiers published on the website.

Finally, even if the plaintiff were able to show sufficient commonality and typicality to satisfy Rule 23(a)(2) and (3), she cannot meet the requirement of Rule 23(b)(3) that common questions predominate over individual questions, for the reasons set forth above.

Accordingly, the plaintiff's Motion to Certify Class (dkt. no. 38) is DENIED, and the defendant's Motion to Deny Class Certification (dkt. no. 28) is GRANTED.

Jurisdiction in this case was based on the Class Action Fairness Act, 28 U.S.C. § 1332(d). The plaintiff's claim alone does not satisfy the prerequisite for diversity of citizenship jurisdiction. Because a class action cannot be sustained, a basis for jurisdiction is absent and the case is therefore DISMISSED for lack of subject matter jurisdiction.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge